Weldon, J.,
delivered the opinion of the court:
This is a proceeding under a special statute, which is as follows:
“AÍT ACT for tlie relief of -John and Sarah Griffin.
“Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the claim of John Griffin and Sarah Griffin, of the city of Greenville and State of Mississippi, for damage done to their realty, situate in the county of Jefferson and State of Kentucky, by United *231 States troops, while the said troops occupied the said realty as a smallpox hospital, from the year eighteen hundred and sixty-two to the year eighteen hundred and sixty-seven, both iuclu-sive, be, and hereby is, referred to the Court of Claims, with full jurisdiction and authority in the said court to hear and determine all questions of fact and law in the said claim, and said court is directed to take order in the premises, and as speedily as may be to report herein to the House of Representatives in all things provided by law.”
The claimants, in pursuance of the right given them by the statute, on the 29th day of March, 1895, filed a petition in which it is in substance alleged that the claimants are. citizens of the United States, residing in the State of Mississippi; that they were seized and possessed of a certain tract of land in the county of Jefferson, State of Kentucky, near the city of Louisville, containing about 26 acres; that in the year 1862, while they were so seized and possessed, they were forcibly dispossessed by the order of General Boyle, of the United States Army, and by his order the premises were converted into a smallpox hospital for the use of United States troops, and so used until the cessation of hostilities in the year 1865; that during said time the defendants recognized the claimants as the lawful owners of said realty and paid them a monthly rent for the same; that about the 22d of November, 1865, the defendants attempted to. lease said premises, but the claimants refused, whereupon the defendants kept forcible possession of the same, and they were thereafter used by the defendants as a smallpox hospital until about the 1st of July, 1866; and that during the last-mentioned period the said defendants recognized the said claimants as the lawful owners of said property; that when the defendants took possession of the premises the buildings were new and in excellent condition; that upon the expiration of the occupancy the said premises were greatly damaged and unfit for occupation; that in consequence of such occupation by the defendants the premises were damaged to the extent of $15,125, and for that amount the claimants pray judgment.
The facts found by the court sustain in substance the allegations of the petition except as to the amount of the damages and the condition of the premises at the time they were taken possession of by the defendants.
At the threshold of this proceeding we are confronted by the inquiry as to the proper disposition to be made of the case; whether a judgment shall be rendered (as under the general *232 jurisdiction of the court), or whether we are to report to the House of Bepresentatives the facts and the opinion of the court as to the law arising on the facts.
It is insisted by the counsel for the claimants that there should be a judgment for the claimants for the amount of damages (beyond the ordinary wear and tear) found by the court, while the defendants’ counsel insist that under the law conferring jurisdiction no judgment can be rendered.
The phraseology of the law is somewhat peculiar. Full jurisdiction and authority are given to the court to hear and determine all questions of fact and law in relation to the claim, and “ the court is directed to take order in the premises and as speedily as may be to report herein to the House of Bepre-sentatives in all things as provided by law.”
A question similar to the one in controversy in this proceeding was determined in the case of Irwin & Co. v. The United States (23 C. Cls. R., 149) under a special act, the title of which is “An act referring to the Court of Claims the claims for property seized by General Johnston in the Utali expedition for examination and report.” In the trial of that case it was insisted by the defendants that by the terms of the statute the matter did not come within the ordinary jurisdiction of the court, and that it was simply an investigation to determine the facts which might serve as a basis upon which Congress could in its discretion determine its duty and obligation; but the court held that by the terms of the statute a final judgment must be rendered and in due course reported to Congress as other judgments of the court, and accordingly a judgment was rendered in favor of the claimants.
The case was taken to the Supreme Court. (Irwin & Co. v. United States, 127 U. S. R., 125.)
The statute in the Irwin Case provided that the claim be referred “to the Court of Claims for adjudication according to law on the proofs heretofore presented and such other proofs as may be adduced, and report the same to Congress.”
In the opinion of this court great stress is laid upon the words “for adjudication according to law,” and it was held that these words controlled and determined the jurisdiction of the court as against the words “ and report the same to Congress.”
The Supreme Court took substantially the same view of the force and effect of the words 'for adjudication according to *233 law’ as against the other words of the statute and the phraseology of the title, as will be seen by the following extract:
“But, in our opinion, the controlling words of the act are those which declare that the claims of the parties are thereby referred to the Court of Claims ‘for adjudication according to law.’ The force of this phrase can not be satisfied by anything less than a formal, regular, and final judgment of the judicial tribunal to which the matter is submitted, acting upon the acknowledged principles of law applicable to the circumstances of the case. All such judgments were required by existing law to be reported to Congress, and the additional words to the same effect in this statute, while being perhaps unnecessary, does not change the character of the judgments to be reported.”
But the statute in this case is different in its terms. It provides that the case is referred to the court “with full jurisdiction and authority in the said court to hear and determine all questions of fact and law in the said claim” and report “to the House of Representatives.”
In the statute in the Irwin Case the controlling words both by the decision of the Supreme and this court are “for adjudication according to law,” and upon the authority of those words it was held that the Court of Claims had full power and jurisdiction to adjudicate the subject-matter in the form of a final judgment, binding upon the United States, subject to an appeal to the Supreme Court. If the finding of this court had not had the finality and force of a judicial judgment, the Supreme Court would have been without jurisdiction and would have dismissed the case.
The test of the appellate jurisdiction of the Supreme' Court is whether the determination of the Court of Claims has the quality of finality and the essence of a judicial judgment binding upon the parties and conclusive of their rights as to the subject-matter of the proceeding.
The statute under consideration seems to occupy an intermediate position between the jurisdiction conferred upon the court under what is known as the Bowman Act (Sup. to R. S., vol. 3,2d ed., ch. 116, p. 403) and the statutes conferring jurisdiction of a general character. Under the Bowman Act in. cases referred by Congress, either House or a committee, we have no jurisdiction to determine questions of law except such as are incident to the ascertainment and settlement of the facts. (Dockery’s Case, 26 C. Cls. R., 148.)
In a reference from Congress under what is known as the Tucker Act (Sup.' to R. S., vol. 1, 2d ed., ch. 359, p. 559) *234 the court has no jurisdiction to determine the legal rights of the parties unless the subject-matter of the litigation falls within the 13th section of said act, when the court may render a decree or judgment as under the ordinary jurisdiction of the court.
In the statute which was the subject of judicial construction in the Irwin Case {supra) the words “for adjudication according to law” became and were the words upon which the decision turned, and in this case the words “to hear and determine all questions of fact and law” are to measure and préscnbe the jurisdiction of the court.
The difference in the legal import of the words “adjudicate” and “determine” may not in itself be sufficient to differentiate this case from the case of Irwin, but the context of the statute in other particulars differs from the statute in the Irwin case.
The statute in the Irwin case provides that the court shall adjudicate the case according to law “on the proofs heretofore presented and such other proofs as may be adduced, and report the same to Congress.” The report to Congress, as provided by that statute, is but a repetition of the law applicable to all the judgments of the court; but in the statute under consideration the provision is that the court is to hear and determine all questions of fact and law in the said claim, and said court is directed “to take order in the premises, and as speedily as may be to report herein to the House of Representatives in all things, as provided by law.” Under the ordinary jurisdiction of this court, report of the judgment and decree are made to Congress, but by the provision of the law in this case a report is to be made to the House of Representatives.
The difference between “adjudicate” and “determine” was considered by Lord Ellenborough in the celebrated case of Burdett v. Abbott (4 East, 29) :
“Surely the word determine was not there meant to be used by them in the sense of adjudge; but they meant to say no more than this: You, the Lords’ House, ask our opinion upon a question concerning privilege of Parliament before you; but we are not to determine that question — that is, we are not to give you any determinate purpose upon that subject. The question '•was not addressed to them as to persons who were to determine or adjudge upon it, but as advisers to the Lords of the law. They say, in effect, it is not a proper subject for us to enter into; it properly belongs to yourselves, and therefore it is not for us to advise you upon it. * * I do not mean to touch upon the observations arising out of Thorpe’s case, which are *235 many and important ones; but it appears to me that the fair import of the judge’s answer to the question put to them is this: We can not determine that which is a question for your own consideration respecting your own privileges, but we will tell you what is the rule upon which we act in our courts. And then the Lords adopt the’rule of law as it prevailed in the courts of Westminster.”
Construing the statute of our jurisdiction as indicated in this opinion, we have simply found the facts material to be considered in the determination of the question as to the right of the claimants to. compensation because of the damages incident to the possession of the defendants.